IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:21-CV-197-RJ

| | | |
|---|---|---|
| BARRY SALZER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on a motion for attorney's fees filed by Plaintiff's counsel, pursuant to 42 U.S.C. § 406(b)(1), in the amount of $30,000.00. [DE-31]. Defendant responded and neither supports nor opposes the motion. [DE-32]. For the reasons that follow, the motion is allowed, and counsel is awarded $30,000.00 in attorney's fees.

## I. BACKGROUND

This matter stems from Defendant's denial of Plaintiff's application for Social Security benefits. Plaintiff filed an application to proceed *in forma pauperis* and complaint in this court, [DE-1, -5], and the parties consented to have a magistrate judge conduct all proceedings in this case, which was reassigned to the undersigned, [DE-15, -16]. Thereafter, the parties filed cross motions for judgment on the pleadings. [DE-19, -21]. The court allowed Plaintiff's motion, remanded the case to the Commissioner for further proceedings, and awarded Plaintiff $4,500.00 in attorney's fees under the EAJA. [DE-24, -29].[1]

---

[1] This case was Plaintiff's second appeal of the Commissioner's denial. In the first case, the court allowed the Commissioner's consent motion to remand, and Plaintiff was awarded $4,600.00 in attorney's fees under the EAJA. *See Salzer v. Saul*, No. 5:19-CV-457-D. Therefore, Plaintiff has been awarded a total of $9,100.00 in attorney's fees under the EAJA related to this claim.

On September 30, 2023, the Commissioner issued a favorable decision. Pl.'s Mem., Ex. 1 [DE-31-1]. Plaintiff's counsel now seeks, pursuant to Plaintiff's representation agreement, an award of $30,000.00 in attorney's fees, which is less than 25% of the past due benefits. *Id.* [DE-31] at 2. Counsel in support of the motion offers the Notice of Decision from SSA, [DE-31-1]; the EAJA fee order from the prior case, [DE-31-2]; counsel's time record for both cases, [DE-31-3, -31-4]; and the fee agreement, [DE-31-5].

## II. DISCUSSION

Under section 406(b), "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25% of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). The Supreme Court has instructed that "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court" and the court must review these arrangements "as an independent check, to assure that they yield reasonable results in a particular case." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). In conducting its review, the court may find a reduction in the contingent fee appropriate when "(1) the fee is out of line with 'the character of the representation and the results . . . achieved,' (2) counsel's delay caused past-due benefits to accumulate 'during the pendency of the case in court,' or (3) past-due benefits 'are large in comparison to the amount of time counsel spent on the case.'" *Mudd v. Barnhart*, 418 F.3d 424, 428 (4th Cir. 2005) (quoting *Gisbrecht*, 535 U.S. at 808). A "reviewing court should disallow 'windfalls for lawyers,'" *Gisbrecht*, 535 U.S. at 808 (quoting *Rodriguez v. Bowen*, 865 F.2d 739, 747 (6th Cir. 1989)). Factors courts have considered in determining whether a fee award will

2

result in a "windfall" include "(1) whether the attorney's efforts were particularly successful for the plaintiff, (2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally, (3) whether the case was handled efficiently due to the attorney's experience in handling social security cases." *Murrell v. Colvin*, No. 4:13-CV-124-FL, 2016 WL 4287813, at *1 (E.D.N.C. Aug. 15, 2016) (citations omitted).

Additionally, a fee award under section 406(b) allows only "attorney's fees for representation in court, or for court-related work." *Mudd*, 418 F.3d at 428. However, in assessing reasonableness, the court may appropriately consider "the time spent and work performed by counsel on the case when it was pending at the agency level," which may provide context for the factors "relevant to [the] reasonableness inquiry, such as the overall complexity of the case, the lawyering skills necessary to handle it effectively, the risks involved, and the significance of the result achieved in district court." *Id.* Where attorney's fees are awarded under both 28 U.S.C. § 2412(d) and 42 U.S.C. § 406(b)(1)(A), "the EAJA compensation serves as a reimbursement to the claimant for fees paid out of the disability award." *Thomas v. Barnhart*, No. 1:02-CV-198, 2005 WL 894886, at *2 (W.D. Va. Apr. 18, 2005) (unpublished). In such a case, the "claimant's attorney must refund to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796 (internal quotation marks and citation omitted).

Applying the framework set forth above, the court finds that the requested attorney's fees are reasonable. Counsel has presented a contingent fee agreement between Plaintiff and counsel providing for counsel's entitlement to 25% of the past due disability benefits awarded to Plaintiff, which is no greater than the statutory ceiling. *See Mudd*, 418 F.3d at 428 ("As long as the agreement does not call for a fee above the statutory ceiling of twenty-five percent of awarded

3

past-due benefits, . . . §406(b) simply instructs a court to review the agreement for reasonableness.") (citing *Gisbrecht*, 535 U.S. at 807). The SSA notice indicates the agency withheld $39,769.73 from past due benefits in order to pay attorney's fees, [DE-32-1] at 2, which is in accord with the contingency-fee character of the representation. *See Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 456 (W.D.N.Y. 2005) ("Deference should be given . . . to the 'freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate . . . and of an attorney's willingness to take the case despite the risk of nonpayment.'") (quoting *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990)).

With respect to the results achieved, through counsel's efforts Plaintiff's claim was remanded twice for further proceedings, ultimately resulting in a substantial award of past due benefits. There is no evidence of delay tactics employed by counsel causing the accumulation of past-due benefits. Counsel, who is an experienced practitioner in federal court, handled the case efficiently. The motion for judgment on the pleadings was well-supported, evidencing thorough research and application of law to the particular facts of Plaintiff's claim, rather than boilerplate recitations, and resulted in a remand order, [DE-19 through -25]. Finally, the effective hourly rate of $615.38 does not amount to a windfall for counsel. *See Joslyn*, 389 F. Supp. 2d at 456 (finding $38,116.50 award was "not a windfall because of the unusually long duration of the period of disability here, and the unique challenges this case presented."); *see also Pearson v. Colvin*, No. 4:12-CV-23-FL, 2014 WL 7205095, at *2-3 (E.D.N.C. Dec. 17, 2014) (finding $18,000.00 fee award, resulting in a $750.00 effective hourly rate, was reasonable) (citing *Washington v. Colvin*, No. 5:08-CV-55-FL, 2013 WL 1810586, at *3 (E.D.N.C. April 29, 2013) (awarding $23,165.50 for 24 hours of work (effective hourly rate of $965.23 per hour))).

4

Case 5:21-cv-00197-RJ   Document 33   Filed 12/14/23   Page 4 of 5

Having considered the deference owed to the agreement between counsel and Plaintiff, *Joslyn*, 389 F. Supp. 2d at 456, the interest in assuring that attorneys continue to represent clients such as Plaintiff, *Gisbrecht*, 535 U.S. at 805, and the factors identified by the Supreme Court, *id.* at 808, the court finds the requested attorney's fees are reasonable, and counsel is awarded $30,000.00. Counsel shall return to Plaintiff any fees previously awarded under the EAJA.

### III. CONCLUSION

For the reasons stated herein, the motion for attorney's fees [DE-31] is ALLOWED in the full amount requested of $30,000.00, and counsel shall return to Plaintiff any fees previously awarded pursuant to the EAJA.

SO ORDERED, the 14 day of December 2023.

Robert B. Jones, Jr.
United States Magistrate Judge